

**NUMBER 13-09-00087-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JAY BRADY COLLUMS,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

---

**On appeal from the 377th District Court of
Victoria County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Justice Yañez**

Pursuant to a plea agreement, appellant, Jay Brady Collums, pleaded guilty to retaliation, a third-degree felony,[1] and was placed on deferred-adjudication community supervision for five years.[2] The State filed a motion to revoke appellant's community

---

[1] *See* TEX. PENAL CODE ANN. § 36.06(a)(1)(b), (c) (Vernon 2007).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009).

supervision, alleging multiple violations of the terms of community supervision. Appellant pleaded "not true" to the allegations. Following a hearing, the trial court found appellant violated various conditions of his community supervision, revoked his community supervision, adjudicated him guilty of the underlying offense, and sentenced him to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified appellant's right to appeal, and this appeal followed. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court stating that his review of the record yielded no grounds or error upon which an appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal.[3]

In compliance with *High v. State*,[4] appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se

---

[3] *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

[4] *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

response.[5] More than an adequate period of time has passed, and appellant has not filed a pro se response.[6]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.[7] We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.[8] Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.[9] We grant counsel's motion to withdraw.

---

[5] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

[6] *See In re Schulman*, 252 S.W.3d at 409 n.23.

[7] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

[8] *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

We note that the reporter's record consists of seven volumes in this case. Volume 1 is a "Master Index"; Volume 2, dated May 1, 2007, concerns pre-trial motions; Volume 3 is missing; Volume 4, dated November 12, 2008, reflects the re-setting of a hearing date on the State's motion to adjudicate; Volume 5 also reflects a re-setting; Volume 6, dated January 9, 2009, is the hearing on the State's motion; and Volume 7 is the court's ruling on the State's motion. This Court has contacted Yvett Shugart, the court reporter for Volumes 1, 2, and 4 through 7. Ms. Shugart advised that Volume 3 has not been transcribed because the court reporter assigned for that proceeding is gravely ill and unable to retrieve the notes for transcription. Thus, Volume 3 is unavailable. Appellant pleaded guilty on May 30, 2007, shortly after the hearing on pre-trial motions reflected in Volume 2. We have reviewed the record before us, and conclude that any matters reflected in the unavailable Volume 3 are not pertinent to the disposition of this appeal.

[9] *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the

3

Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[10]

LINDA REYNA YAÑEZ
JUSTICE

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
25th day of August, 2010.

---

appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).

[10] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.